IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| M.A.P.S, *on her own behalf and on behalf of others similarly situated*, <br> Petitioner, <br><br> v. <br><br> ANGEL GARITE, MARY DE-ANDA-YBARRA, DONALD J. TRUMP, PAMELA BONDI, KRISTI NOEM, U.S. DEPT. OF HOMELAND SECURITY, TODD LYONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MARCO RUBIO, U.S. DEPT. OF STATE, PETE HEGSETH, U.S. DEPT. OF DEFENSE, MIGUEL VERGARA, BRET BRADFORD, BOBBY THOMPSON, CHARLOTTE COLLINS, ROSE THOMPSON, and MURRAY AGNEW, <br> Respondents. | § § § § § § § § § § § § § § § § § § § § § | EP-25-CV-00171-DB |

**MEMORANDUM OPINION AND ORDER ON CLASS CERTIFICATION**

On this day, the Court considered the above-captioned case. Petitioner M.A.P.S. ("Petitioner") filed the instant suit to challenge her removal from the United States pursuant to the Alien Enemies Act, 50 U.S.C. § 21, ("AEA") and President Donald J. Trump's March 14, 2025 "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua." Class Pet. for Writ of Habeas Corpus and Compl. for Declaratory and Inj. Relief ("Pet.") 1, ECF No[1]. 1. Simultaneous with her initiation of the instant habeas action, Petitioner filed "Petitioner-Plaintiff's Motion for Class Certification" ("Motion") on May 10, 2025, ECF No. 2. Therein, Petitioner asks this Court to certify a class of "[a]ll noncitizens in custody in the Western

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

District of Texas who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation." *Id.* On May 16, 2025, Respondents Angel Garite, Mary De-Anda-Ybarra, Donald J. Trump, Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, Todd Lyons, U.S. Immigration and Customs Enforcement, Marco Rubio, U.S. Department of State, Pete Hegseth, U.S. Department of Defense, Miguel Vergara, Bret Bradford, Bobby Thompson, Charlotte Collins, Rose Thompson, and Murray Agnew (collectively "Respondents") filed their "Opposition to Class Certification," ECF No. 32. For the foregoing reasons, Petitioner's Motion is granted.

## BACKGROUND

On March 14, 2025, President Trump invoked Title 50 of the United States Code Section 21, the Alien Enemies Act ("AEA"), alleging the Tren de Aragua ("TdA") criminal organization "is perpetrating, attempting, and threatening an invasion or predatory incursion against the territory of the United States." Proclamation No. 10903 § 1, 90 Fed. Reg. 13033 (Mar. 14, 2025) (hereinafter "Proclamation 10903"). Therein, President Trump proclaimed "all Venezuelan citizens 14 years of age or older who are members of [Tren de Aragua], are within the United States, and are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies." *Id.*

Petitioner is a Venezuelan national, accused of affiliation with Tren de Aragua, who is currently detained at the El Paso Processing Center in El Paso, Texas. *See* Pet. 8–9, ECF No. 1.

2

Petitioner moves the Court to certify a class pursuant to Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(2), or in the alternative, "under principles of habeas jurisdiction and equity" with Rule 23 as a guidepost. Mot. 1–2, ECF No. 2. Petitioner seeks certification of a class to include "[a]ll noncitizens in custody in the Western District of Texas who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation." *Id.* at 1.

Petitioner argues she "is representative of other noncitizens subject to the Proclamation under the Alien Enemies Act because she is in civil detention by ICE, has received a notice designating her for removal under the Alien Enemies Act based on an alleged affiliation with Tren de Aragua, and is thus at risk of removal based on the Proclamation." *Id.* at 6. As such, Petitioner "further moves for an order appointing her as representative of the class defined above, and appointing Petitioner's counsel from the American Civil Liberties Union and American Civil Liberties Union of Texas as counsel for the class... [and] for an order requiring the government to identify members of the class and provide notice when a class member is transferred into the [Western District of Texas]." *Id.* at 1. The proposed class does not include individuals who may be removed pursuant to other authorities, such as the Immigration and Nationality Act ("INA"). *See id.* at 6.

## **LEGAL STANDARD**

A.  Federal Rule of Civil Procedure 23

"A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class,' but '[t]he decision to certify is within the broad discretion of the court' as long as 'that discretion [is] exercised within the framework of rule 23." *Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023) (internal citations omitted). Rule 23 "prescribes four prerequisites for certification of a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* at 736. The "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Here, Petitioners seek class certification under Rule 23(b)(2) which provides "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2).

B.  Class Certification in a Habeas Corpus Proceeding

There is no clear guidance from the Supreme Court or the Fifth Circuit on class actions in habeas corpus proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 324 n.7 (2018) ("This Court has never addressed whether habeas relief can be pursued in a class action.") (Thomas, J.,

4

concurring); *see also Schall v. Martin*, 467 U.S. 253, 261 n.10 (1984) ("We have never decided whether Federal Rule of Civil Procedure 23, providing for class actions, is applicable to petitions for habeas corpus relief.") However, Title 28 of the United States Code Section 1651, the "All Writs Act," authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This language permits courts to employ "appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage" in habeas proceedings. *Harris v. Nelson*, 394 U.S. 286, 299 (1969). Various authorities confirm that district courts, in appropriate circumstances, may rely on the All Writs Act to fashion relief analogous to class actions. *See generally J.A.V. v. Trump,* 25-CV-072, 2025 WL 1256996 (S.D. Tex. May 1, 2025) (collecting cases where class action relief was granted in habeas proceedings and cases where the Supreme Court has reviewed legal issues within cases in which the district court certified a class in a habeas proceedings). Determining whether a procedure analogous to a Rule 23 class action is appropriate in a particular habeas corpus proceeding, courts can consider the Rule 23 factors. *See Napier v. Gertrude*, 542 F.2d 825, 827 n.2 (10th Cir. 1976) ("It has been decided in other circuits that Rule 23 class actions are technically inapplicable to habeas corpus proceedings. The court may, however, apply an analogous procedure by reference to Rule 23 in proper circumstances.")

## ANALYSIS

Petitioner moves the Court to certify a class pursuant to Rules 23(a) and 23(b)(2), or in the alternative, "under principles of habeas jurisdiction and equity" with Rule 23 as a guidepost. Mot. 1, ECF No. 2. The Court will address each Rule 23 element in turn.

A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). To satisfy this prerequisite, "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981). "The proper focus is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Phillips v. Joint Legis. Comm. on Performance & Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1022 (5th Cir. 1981). These factors include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Zeidman*, 651 F.2d at 1038; *see also Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 625 (5th Cir. 1999) (concluding the district court reasonably inferred from the transient nature of the putative class members' employment in the gambling business that some of them would be geographically dispersed and unavailable for joinder). "[T]he fact that the class includes unknown, unnamed future members also weighs in favor of certification." *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000); *see also Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th

6

Cir. 1974) ("[t]he alleged class also includes unnamed, unknown future black employees who will be affected by [] discriminatory policies, and joinder of unknown individuals is certainly impracticable").

Here, Petitioner argues joinder is impracticable because of sheer numbers. Mot. 9, ECF No. 2. To support her position, Petitioner puts forth that "[n]early two months ago, after already removing over 130 people to El Salvador, the government identified about 250 individuals subject to the Proclamation in the United States." *Id.* at 8 (citing Cerna Decl. ¶ 6, *J.G.G. v. Trump*, 25-CV-766-JEB (D.D.C. Mar. 18, 2025), ECF No. 28-1 (identifying a total of 258 people in the United States who the government believes are TdA members). Although this leaves the question open as to the location of these detainees, there is evidence to suggest individuals can, and will, be transferred into the Western District of Texas. Petitioner herself was arrested in Ohio and is now currently detained at the El Paso Processing Center in El Paso, TX. Pet. 8–9, ECF No. 1. Further, as Judge Fernando Rodriguez, Jr. in the Southern District of Texas highlighted, "Respondents have the ability to transfer a significant number of unidentified Venezuelan [noncitizens] into the [District], designate them as alien enemies under the Proclamation, and subject them to removal under the AEA. . . . The fact that these individuals currently remain unknown further precludes their joinder." *J.A.V.*, 2025 WL 1256996 at *3.

Petitioner also asserts Respondents conceded the numerosity factor is satisfied. The Court agrees for two reasons. First, Respondents fail to address numerosity at all in their response, giving this Court reason to infer they do not oppose it. *See generally* Resp., ECF No. 32 (failing to address

7

the numerosity factor in its analysis). Second, and more compelling, is Respondent's admission in briefing in a related case in this Court. In a motion to stay an order, the Government challenged a district-wide injunction covering those who "will be" subject to the AEA as overbroad because it "likely includes every detained noncitizen in the Western District of Texas." Mot. to Stay Pending Appeal at 3, *Sanchez Puentes v. Garite*, 25-CV-00127-DB (W.D. Tex. May 3, 2025), ECF No. 36. For these reasons, the Court finds Rule 23's numerosity element is satisfied and supports the application of an analogous class-like procedure.

B. Commonality

This factor requires the plaintiff to identify "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). A common question must be "of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The presence of individual fact issues does not defeat commonality. "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claims." *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014). In *Deepwater Horizon*, the Fifth Circuit considered a district court's class certification, and as to the factor of commonality, asserted it "can be satisfied by an instance of the defendant's injurious conduct, even when the resulting injurious effects–the damages–are diverse." *Id.* at 810–11. The Fifth Circuit reasoned that because the district court had identified numerous common issues of law that related to liability, the presence of individualized

damages analyses did not defeat commonality, especially when "virtually every issue prior to damages [was] a common issue." *Id.* at 811 (quoting *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Cir. 2001)).

In the present case, while there may be questions of fact that will require individualized hearings to resolve, there are many common questions of law. Petitioner challenges removals under the AEA pursuant to Proclamation 10903 by arguing, primarily, that the proclamation fails to satisfy the statutory preconditions for a president to invoke the AEA. Pet. 22, ECF No. 1. Petitioner further argues the intended application of Proclamation 10903 and the AEA violates the Fifth Amendment's Due Process Clause, and that the procedures Respondents seek to apply under Proclamation 10903 violate the Immigration and Nationality Act and the Convention Against Torture. *Id.* at 18, 23. As previously stated, Petitioners only need to identify at least one contention that is central to the validity of each class member's claims. *Deepwater Horizon*, 739 F.3d at 810; *see also M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012) ("'What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceedings to generate common *answers* apt to drive the resolution of the litigation.'") (emphasis in the original). Respondent agrees Petitioner and the class share a "common claim that the Proclamation is invalid." Resp. 8, ECF No. 32. As such, Petitioner in this case meets the necessary threshold.

To address Respondents' concerns that "the claims and defenses of the class are too varied, diffuse, and individualized to satisfy commonality because class members can be at myriad stages

9

of removal proceedings or not in removal proceedings at all; with or without Temporary Protected Status; with or without pending fear-based applications; and at varying risk of current or future TdA designation based on their own individual circumstances," Resp. 8, ECF No. 32, the Court notes Petitioner concedes that should Respondents' "use of the AEA be upheld by this Court and on appeal, then at that point individual habeas actions may be needed to address whether any given detained person is, on the particular facts, a TdA member who falls with[in] the Proclamation." Mot. 16, ECF No. 2. In line with the Fifth Circuit's decision in *Deepwater Horizon*, the Court can, at that point, use individualized hearings to receive evidence and adjudicate the relatively narrow issue of whether a person is a TdA member.[2] For these reasons, the Court finds Rule 23's commonality factor is met and supports the application of an analogous class-like procedure.

C. Typicality

The test for typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (quoting *James v. City of Dall.*, 254 F.3d 551, 571 (5th Cir. 2001)). "[T]he critical inquiry is whether the named plaintiff's claims have the same essential characteristics as those of the putative class. If the claims arise from a similar course of conduct

---

[2] *See generally A.A.R.P. v. Trump,* No. 24-1177, 2025 WL 1417281 at *3 (U.S. May 16, 2025) (in discussing a similar AEA context, "[a]lthough the putative class members may ultimately take different steps to protect their own interests in response to such notice, the notice to which they are entitled is the same.")

and share the same legal theory, factual differences will not defeat typicality." *Angell,* 67 F.4th at 736.

In this case, Respondent's course of conduct is the same for every proposed class member. Each proposed class member, including Petitioner, faces the same principal injury (removal), based on the same government policy (invocation of the AEA). Mot. 17, ECF No. 2. Respondents argue that because Petitioner has already received notice of her designation, and proposed class members may receive different periods of notices, Petitioner does not possess the same interest or suffer the same injury as the proposed class and would not be entitled to the same relief. Resp. 9–10, ECF No. 32. But Respondents' argument overlooks the fact that each proposed class member's claim arises from Respondents' single course of conduct and would raise nearly identical legal theories to challenge this action. As this Court previously noted, this Court may reach the merits of those legal challenges before determining the adequacy of notice procedures. Even then, factual differences would not rise to the level to defeat typicality. For these reasons, the Court finds Rule 23's typicality factor is met and supports the application of an analogous class-like procedure.

D. Adequate Representation

The Court finds Petitioner's counsel will adequately protect the interests of the proposed class. "[T]he adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Comput. Corp.,* 257 F.3d 475, 479 (5th Cir. 2001) (cleaned up) (citing *Horton v. Goose Creek*

*Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982)). Respondents do not challenge this factor. *See generally* Resp., ECF No. 32. Based on the education and experience of proposed class counsel, this Court finds the adequacy requirement is met. *See* Decl. of Daniel A. Galindo, Mot., ECF No. 2-2.

E. Rule 23(b)(2)

To proceed as a class action, a "suit must satisfy the criteria set forth in [Rule 23(a)] (*i.e.*, numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b)." *Shady Grove Orthopedic Assocs., P.A.*, 559 U.S. at 398. Petitioner here seeks class certification under Rule 23(b)(2), which provides that a class action is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). Petitioner argues "Rule 23(b)(2) is satisfied here because Respondents have acted on grounds that apply generally to the class by subjecting them all to the same Proclamation and attempting to summarily remove them without complying with the AEA, INA, and due process. Mot. 20, ECF No. 2.

Conversely, Respondents argue "Rule 23(b)(2) does not authorize class certification because each individual class member would be entitled to a different injunction or declaratory judgment against Respondents. Whether an alien is a member of Tren de Aragua; whether he has been given sufficient process; whether he is removable under a different provision of law; and other such questions necessarily are individualized determinations unsuitable for class treatment."

Resp. 11, ECF No. 32. Respondents' arguments fail because Rule 23(b)(2) does not require precisely common issues but instead requires common behavior by Respondents toward the class[3]. *Yates v. Collier*, 868 F.3d 354, 366 (5th Cir. 2017) (citing *In re Rodriguez*, 695 F.3d 360, 365 (5th Cir. 2012)).

F. Jurisdiction

As a final matter, this Court asserts its jurisdiction over the instant case and the class itself. The Supreme Court recently held "[c]hallenges to removal under the AEA. . . must be brought in habeas." *Trump, et al. v. J.G.G., et al.*, 604 U.S. ----, 2025 WL 1024097, at *1 (Apr. 7, 2025) (citation omitted). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Id.* (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). In this case, this Court has jurisdiction because Petitioner is currently being detained at the El Paso Processing Center in El Paso, Texas, within the Western District of Texas. Pet. 8, ECF No. 1.

Respondents also argue this Court should deny class certification for noncitizens "raising claims over which it lacks jurisdiction." Resp. 5, ECF No. 32. As previously noted, the All Writs Act confers upon this Court authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Because this Court finds Rule 23 is satisfied, and the All Writs Act permits "appropriate modes of

---

[3] Several district courts across the nation have certified similar classes. *See generally J.A.V. v. Trump*, 25-CV-072, 2025 WL 1256996 at *6 (S.D. Tex. May 1, 2025); *D.B.U. v. Trump*, 25-CV-01163-CNS, 2025 WL 1304198 at *10 (D. Colo. May 6, 2025); *G.F.F. v. Trump*, 25-CV-2886-AKH, 2025 WL 1166482 at *3 (S.D.N.Y. Apr. 9, 2025), *amended* 2025 WL 1166909 (S.D.N.Y. Apr. 11, 2025).

procedure, by analogy to existing rules or otherwise in conformity with judicial usage"[4] in habeas proceedings, Respondents argument regarding this Court's jurisdiction as to class claims is unavailing.

In a final effort, Respondents ask the Court to limit any certified class to the El Paso Processing Center because Petitioner "cites to no authority that would allow for multiple detention facilities within one judicial district for a habeas class action with the immediate custodian rule at play." Resp. 14, ECF No. 32. The immediate custodian rule states "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Notably, *Padilla* declined to address whether the immediate custodian rule even applies "to a habeas petition filed by an alien detained pending deportation," and there is no conclusive Fifth Circuit authority on the issue. *Id.* at 435 n.8.

In the present matter, Petitioner has named as respondents multiple wardens of federal immigration detention facilities within the Western District of Texas.[5] Respondents' *Padilla* argument seems to rest on the fact Petitioner has been over-inclusive in naming respondents to

---

[4] *Harris*, 394 U.S. at 299.

[5] Respondents include Angel Garite, Warden of the El Paso Processing Center; Mary de Anda-Ybarra, Director of the ICE El Paso Field Office; Todd Lyons, Acting Director of ICE; Miguel Vergara, Director of the San Antonio Field Office; Bret Bradford, Director of the ICE Houston Field Office; Bobby Thompson, Warden of South Texas ICE Processing Center; Charlotte Collins, Warden of T. Don Hutto Detention Center; Rose Thompson, Warden of Karnes County Immigration Processing Center; and Murray Agnew, Warden of the Limestone County Detention Center.

include wardens from other immigration detention facilities in the Western District of Texas in which proposed class members may be detained, which would seemingly overcome any *Padilla* concerns. Further, Respondents do not cite to any authority for their proposition a habeas class requires named petitioners in every facility. Lastly, as Petitioner points out, Respondents have the power and control to move detained individuals, and absent a district-wide injunction, Respondents could unilaterally defeat class relief simply by moving class members to nearby facilities in this District. *See* Reply 10, ECF No. 35. In any event, the Court finds Respondents arguments to limit a certified class to individuals in the El Paso Processing Center in El Paso, TX unpersuasive.

## CONCLUSION

For the reasons stated above, this Court determines it has jurisdiction over the instant matter. The Court further finds its authority under the All Writs Act to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"[6] allows class certification in this habeas proceeding if the analogous Rule 23 procedure is met. Finally, the Court finds Rule 23's four preconditions of numerosity, commonality, typicality, and adequate representations are present, and finds Rule 23(b)(2) is satisfied. Therefore, the Court exercises its discretion to certify a class in the instant case pursuant to Rule 23, and its jurisdiction in equity under the All Writs Act.

---

[6] 28 U.S.C. § 1651.

Accordingly, **IT IS HEREBY ORDERED** Petitioner M.A.P.S. "Petitioner-Plaintiff's Motion for Class Certification," ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** this Court **CERTIFIES** a class of all noncitizens in custody in the Western District of Texas who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation.

**IT IS FURTHER ORDERED** Petitioner M.A.P.S. is **APPOINTED** class representative of the certified class.

**IT IS FINALLY ORDERED** Lee Gelernt of the American Civil Liberties Union Foundation is **APPOINTED** lead counsel for the certified class, and all attorneys from the American Civil Liberties Union and the American Civil Liberties Union of Texas who have appeared in this matter as counsel of record for Petitioner M.A.P.S. are **APPOINTED** as co-counsel for the certified class.

SIGNED this 22nd day of **May 2025**.

_____
**HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**