IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| M.A.P.S, *on her own behalf and on behalf of others similarly situated*,<br>　　Petitioner,<br><br>v.<br><br>ANGEL GARITE, MARY DE-ANDA-YBARRA, DONALD J. TRUMP, PAMELA BONDI, KRISTI NOEM, U.S. DEPT. OF HOMELAND SECURITY, TODD LYONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MARCO RUBIO, U.S. DEPT. OF STATE, PETE HEGSETH, U.S. DEPT. OF DEFENSE, MIGUEL VERGARA, BRET BRADFORD, BOBBY THOMPSON, CHARLOTTE COLLINS, ROSE THOMPSON, and MURRAY AGNEW,<br>　　Respondents. | §§§§§§§§§§§§§§§§§§§ | EP-25-CV-00171-DB |

## ORDER DENYING RESPONDENTS' MOTION TO SEAL EXHIBIT C IN RESPONSE IN OPPOSITION TO INJUNCTION AND TO SHOW CAUSE ORDER

On this day, the Court considered the above-captioned case. On May 23, 2025, Respondents Angel Garite, Mary De-Anda-Ybarra, Donald J. Trump, Pamela Bondi, Kristi Noem, U.S. Dept. of Homeland Security, Todd Lyons, U.S. Immigration and Customs Enforcement, Marco Rubio, U.S. Dept. of State, Pete Hegseth, U.S. Dept. of Defense, Miguel Vergara, Bret Bradford, Bobby Thompson, Charlotte Collins, Rose Thompson, and Murray Agnew (collectively "Respondents") filed "Respondents-Defendants' [Opposed] Motion for Order to Seal Exhibit" ("Motion"), ECF No. 40. Therein, Respondents seek to seal Exhibit C in "Respondent's Opposition to Petitioner's Motion for Class-Wide Injunction and Response to Order to Show Cause," ECF No. 39. *Id.* at 2. Exhibit C is a report which Respondents argue is a "declassified but

still-sensitive intelligence report." *Id.* On May 27, 2025, Petitioner M.A.P.S. ("Petitioner") filed "Petitioner–Plaintiff's Opposition to Respondents' Motion for Leave to File Under Seal" ("Response in Opposition") ECF No. 45.

Generally, courts have a "solemn duty to promote judicial transparency," to guard the "public's right of access" to judicial records and to preserve the "public's faith in our justice system." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420–21 (5th Cir. 2021). This right "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Bradley v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (citing *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)). There is thus a "presumption in favor of access." *Id.* at 225. But "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts must "scrupulously examine each document sought to be sealed," undertaking a "'document-by-document, 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (citation omitted).

Here, Respondents seek to seal Exhibit C "to prevent a public disclosure of operational details, a disclosure that could endanger law-enforcement personnel and thwart lawful removals of alien enemies who do not contest their designation. This concern for operational safety—in removing designated Tren de Aragua members who do not contest their designation—justifies the narrowly tailored seal that Respondents seek." Mot. 3, ECF No. 40. Petitioner argues Respondents

do not specify what part of the report would disclose any operational details or information impacting operational safety nor explain how disclosure of the report impacts law enforcement efforts. Resp. in Opp'n 1–2, ECF No. 45. Upon independent assessment of the contents of Exhibit C, weighing the factors that favor non-disclosure, the Court does not find it necessary to seal Exhibit C. Beyond the bare assertion operational details are included, Respondents fail to identify for the Court which parts or sections would be particularly threatening for law enforcement operations. Further, while the Court acknowledges topics of national concern are mentioned in this exhibit, there is no apparent disclosure of identities nor other identifying information that would threaten revealing the content sources in the report. Sensitive information set forth in government reports does not inherently outweigh the public's right of access to judicial records. For these reasons, this Court denies Respondents' request to seal Exhibit C.

Accordingly, **IT IS HEREBY ORDERED** Respondents' Angel Garite, Mary De-Anda-Ybarra, Donald J. Trump, Pamela Bondi, Kristi Noem, U.S. Dept. of Homeland Security, Todd Lyons, U.S. Immigration and Customs Enforcement, Marco Rubio, U.S. Dept. of State, Pete Hegseth, U.S. Dept. of Defense, Miguel Vergara, Bret Bradford, Bobby Thompson, Charlotte Collins, Rose Thompson, and Murray Agnew "[Opposed] Motion for Order to Seal Exhibit," ECF No. 40, is **DENIED.**

**IT IS FURTHER ORDERED** the District Clerk **SHALL FILE** Respondents' Exhibit C in the docket and make it available for public view.

**SIGNED** this 28th day of **May 2025**.

_____
**HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**